FILED
United States Court of Appeals
Tenth Circuit

April 23, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JOHN G. KIMBRELL,

      Plaintiff-Appellant,

v.

CHAVES COUNTY CLERK; CHAVES
COUNTY COMMISSION; JAMES
COON, Chavez County Sheriff;
FNU TUCKER, Deputy Sheriff;
FNU CLARK, Deputy Sheriff,

      Defendants-Appellees.

No. 13-2217
(D.C. No. 1:12-CV-01184-WJ-LFG)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **HOLMES**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

    John G. Kimbrell appeals the district court's summary judgment in favor of

defendants in his lawsuit alleging that they aided and abetted his former tenant in

removing his property, as well as her own, when she moved out of a rental property

that he owns.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Kimbrell obtained a writ of restitution for his property. Once the writ was served, the tenant had two days to move out. After Deputy Sheriff Alan Tucker served the writ, however, the tenant called the Sheriff's Office with a complaint that the door lock had been changed. Deputy Tucker gave the tenant an additional day to move out. On the day of the original deadline, Mr. Kimbrell was on the property, and both he and the tenant called the Sheriff's Office. Deputy Sheriff Todd Clark responded. Mr. Kimbrell denied changing the lock, but Deputy Clark told him that the tenant had been given an additional day to move out, so he could not have possession until the next day. Deputy Clark ordered Mr. Kimbrell off the property.

Mr. Kimbrell alleges that the tenant removed his property when she was moving out, and the extension gave her more time to do so. He believes that deputies took the word of the tenant, a white woman, over the word of a "brown male." R. at 44 (all-capitalization omitted). He brought suit in New Mexico state court, filing a complaint entitled "Motion for Claim of Aid and Abet[/]Gender And/Or Racial Discrim[in]ation[/]Civil Rights Violation." *Id.* at 39 (all-capitalization omitted). Defendants removed the suit to federal court, based on the assertions of discrimination and civil rights violations, and ultimately the district court granted summary judgment to defendants.

Mr. Kimbrell argues that defendants' attorneys knowingly and deliberately falsified the facts in the notice of removal by not revealing that his "lead claim" was a state-law claim of aiding and abetting. Had the notice revealed that his "lead

- 2 -

claim" was a state-law claim, he asserts, the federal district court clerk would not have accepted it for filing. And he argues that because his "lead claim" was a state-law claim, the federal court did not have jurisdiction to hear it and removal was improper.[1]

Mr. Kimbrell is mistaken. If he had asserted *only* a state-law claim, removal would have been improper. But his complaint also alleges that defendants discriminated against him and in favor of the tenant on the basis of race/national origin and gender, violating his civil rights. Such claims arise under federal law, and therefore they were within the district court's federal-question jurisdiction. *See* 28 U.S.C. § 1331. Because those claims were within the district court's federal-question jurisdiction, they supported removal. *See id.* § 1441(a). And once the district court had removal jurisdiction, it also had supplemental jurisdiction to decide related state-law claims. *See id.* § 1367(a). Under § 1367(c), the district court has the *option* to decline to exercise supplemental jurisdiction if "the [state-law] claim substantially predominates over the claim or claims over which the district court has original jurisdiction," but the court is not *required* to do so. In short, once

---

[1]    Mr. Kimbrell also asserts in his opening brief that defendants did not timely pay their filing fee, but in his reply brief he disclaims any intention of asserting that the notice of removal was defective on this ground. Instead, he states that if defendants' notice of removal was not considered filed until November 16, 2012 (the date he asserts the fee was paid), it was untimely under the state's thirty-day response period, entitling him to default judgment. Rather than analyze this contention in detail, it suffices to say that the state's response period is irrelevant. Defendants' notice of removal was timely, and they timely filed their answer once the case was removed. There was no ground for a default judgment.

Mr. Kimbrell asserted federal-law claims and defendants removed the action, the district court properly exercised jurisdiction over the entire case. The notice of removal did not need to discuss the state-law claim. There was no fraud or fraud on the court.

Mr. Kimbrell's final argument is difficult to understand, but it appears to be a complaint that the district court did not rule on various motions and objections he submitted. Such an assertion, however, borders on being frivolous. On July 15, 2013, the district court entered an order addressing numerous motions and filings. In addition to identifying other filings, this order specifically overruled the objections raised in docket nos. 34, 45, 50, 54, and 120, which Mr. Kimbrell now claims were ignored. This order further overruled "[a]ny other Objections raised by Kimbrell in other filings not specifically addressed in this ruling," R. at 446, thereby deciding all objections made before July 15. Mr. Kimbrell identifies only one motion filed after July 15. We have reviewed this filing (docket no. 124), which was mooted by the entry of summary judgment, and neither the motion nor the district court's failure to rule on it explicitly provides any ground for reversing the judgment.[2]

---

[2] Mr. Kimbrell cites Fed. R. Civ. P. 62(b) in connection with this argument. But Rule 62(b) is inapplicable in this context and provides no support for a reversal. He also complains that the district court did not hear a matter remanded to it by this court in an interlocutory appeal. That appeal was dismissed for lack of jurisdiction, however, not remanded. *See Kimbrell v. Chaves Cnty. Clerk*, No. 13-2101 (10th Cir. June 10, 2013) (unpublished order). Moreover, it appears that appeal no. 13-2101 involved certain orders regarding discovery, a subject also covered in the district court's July 15 order.

The judgment of the district court is affirmed.

Entered for the Court

Stephen H. Anderson
Circuit Judge